UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Crim. No. 91-0559-02 (TFH) |
| | ) | |
| | ) | |
| ANTHONY NUGENT, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

The Court has allowed to be filed defendant's motion for leave to file an untimely

motion for relief under 28 U.S.C. § 2255 or for leave to file a petition for a writ of *habeas*

*corpus* under 28 U.S.C. § 2241.  For the following reasons, the motion will be denied.

"No circuit or district judge shall be required to entertain [a habeas petition] to inquire

into [a federal offender's] detention if it appears that the legality of such detention has been

[previously determined], except as provided in section 2255."  28 U.S.C. § 2244(a).  The

criminal docket reflects plaintiff's unsuccessful attempts for relief under § 2255 and to file a

successive motion.  *See* Order (D.C. Cir., Jan. 20, 2004) [Dkt. No. 1986] (denying

defendant's motion to file a successive motion); Order (D.D.C., Nov. 14, 2005) (Hogan,

C.J.) [Dkt. No. 2036] (denying defendant's successive § 2255 motion for lack of jurisdiction).

Thus, pursuant to 28 U.S.C. § 2244(b), defendant must seek permission from the United States

Court of Appeals for the District of Columbia Circuit to file a successive  motion.  *See* 28

U.S.C. § 2255 ("A . . . successive motion must be certified as provided in section 2244 by a

panel of the appropriate court of appeals. . . .");  *In re Moore*, 196 F.3d 252, 254 (D.C. Cir.

1999) ("§ 2255 mandates" such certification); *Foster v. United States*, 290 F. Supp. 2d 5, 10

(D.D.C. 2003) (citing cases treating Rule 60(b) motions challenging judgments of conviction as successive habeas petitions).

As defendant was previously advised, "[b]efore a second or successive application  . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  The District of Columbia Circuit has not certified defendant's motion to be filed.  This Court therefore lacks jurisdiction to entertain the motion.  *See Moore v. Department of Justice* 1998 WL 545421, *1 (D.C. Cir., July 17, 1998) ("The district court did not have jurisdiction to entertain appellant's successive § 2254 petition since appellant never obtained certification from the court of appeals to file his successive petition.").[1]

A separate Order accompanies this Memorandum Opinion.

_____s/_____
Thomas F. Hogan, Chief Judge
United States District Court

Date: September 25, 2007

---

[1] To the extent that defendant claims that his § 2255 remedy is inadequate or ineffective, Mot. at 2-3, his recourse is to file a motion under 28 U.S.C. § 2241 in the judicial district where he is confined, which is the Middle District of Pennsylvania.  *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002); *see Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.").